After reviewing my dissenting opinion, dated May 6, 2002, the majority has added paragraph 12 to the Findings of Facts to state that the majority had reviewed and considered the testimony of Donald L. Janson, Stephen Matthew Ewing, James T. Stallings, Jerry K. Dellinger, Isaac Ted Sowers, Jean Farmer, and Ronald Greenhawk (previously there was no mention of their testimony in the majority opinion) and had weighed the evidence from Dr. Quigg, Dr. Pinzon, and Dr. Beyers. Rather than analyzing the evidence and explaining why it has accepted plaintiff's varying story in contrast to the testimony from several other competent witnesses, and explaining the lack of foundation for Dr. Pinzon's opinion, the majority now revises its opinion to state that they have reviewed all of the evidence. Under the circumstances of this case, and particularly in light of my May 6, 2002 dissenting opinion, the newly added summary statement does not correct the legal inadequacy of the review in this case. Use of "magic words", particularly when the deficiency of the review has been pointed out by another Commissioner, is not what I believe the appellate courts and our legislature intended. Rather, the duty is on the Commission to determine whether the evidence is competent and to actually weigh the competent evidence, not merely state (after the decision has been made and explained under an improper standard) that evidence was weighed. The law requires that all evidence be weighed, not merely to state that it was considered.
Therefore, I stand by my dissent and suggest to the Court of Appeals that this case should be remand back to the Commission to require an explanation of the evidence determined to be competent and to further explain the basis for the Commission's weighing of the competent evidence. Although I do not suggest that the Commission normally has to explain the basis for each and every finding of fact, under the circumstances of this case, the post-dissent revision to the majority opinion adding Finding of Fact No. 12 does not resolve the error in the majority's failure to consider and analyze all of the competent evidence. Our duty is to comply with the Section 97-85 requirement to actually review the evidence. Summarily stating that we have done something that actually was not performed is not in compliance with our obligations.
Signed this ___ day of May, 2002.
 S/______________ RENE C. RIGGSBEE COMMISSIONER